IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| JOHN PAUL LOUVAR | ) | Cause No. CV 08-62-BLG-RFC-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING MOTION TO PROCEED |
| | ) | IN FORMA PAUPERIS AND FINDINGS |
| EVA TOMPSON, CAPT. NODLAND, | ) | AND RECOMMENDATION OF UNITED |
| DEPUTY WARDEN T. GREEN, | ) | STATES MAGISTRATE JUDGE TO |
| OFFICER W. HEIMBUCH, and | ) | DISMISS COMPLAINT |
| WARDEN S. RAY | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff's Motions to Proceed In Forma Pauperis (Court's Doc. Nos. 1 and 4) and a proposed prisoner civil rights Complaint. (Court's Doc. No. 2).

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration and an account statement which this Court deems sufficient for purposes of this case to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Plaintiff is required to pay the statutory filing fee for this action of $350.00.  Because the Court does not know the current balance of

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND
RECOMMENDATION OF U.S. MAGISTRATE JUDGE - CV-08-62-BLG-RFC-CSO / PAGE 1

Plaintiff's account, it will waive payment of an initial partial filing fee.  However, Plaintiff will be obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account.  By separate order, the Court will direct the agency having custody of Plaintiff to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  STATEMENT OF THE CASE

### A.    Parties

Plaintiff is a state prisoner incarcerated at the Dawson County Correctional Facility in Glendive, Montana.

The named Defendants are all correctional employees at Dawson County Correctional Facility.  These individuals include:  Correctional Officer Eva Tompson, Captain Nodland, Deputy Warden T. Green, Officer W. Heimbuch, and Warden S. Ray.

### B.    Plaintiff's Allegations

Plaintiff's alleges that Defendant Tompson "took [his] personal life outside DCCF and made it hers."  Specifically, he states that Officer Tompson told his ex-wife that Plaintiff was slandering his ex-wife and flirting with female guards.  Plaintiff contends that since this occurred he has not heard from or seen his children.  (Court's Doc. No. 2, p. 4, ¶ IV.A.1).  With respect to the other defendants, besides listing their names and titles, Plaintiff makes no allegations and fails to mention them again.

Plaintiff states that Defendant Tompson's actions have caused him to be

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND
RECOMMENDATION OF U.S. MAGISTRATE JUDGE - CV-08-62-BLG-RFC-CSO / PAGE 2

emotionally disturbed, extremely depressed, and consistently worried about his

children.  He seeks an apology from Officer Tompson and requests that he, his children,

and his ex-wife each receive one million dollars for the pain and suffering they have had

to go through.

## III. PRESCREENING

### A. STANDARD

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to

screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, which impose a screening

responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review  . . .  as soon as practicable after docketing, a
> complaint in a civil action in which a prisoner seeks redress from a
> governmental entity or officer or employee of a governmental entity
> [and][o]n review, the court shall identify cognizable claims or dismiss the
> complaint, or any portion of the complaint, if the complaint (1) is frivolous,
> malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding

any filing fee, or any portion thereof, that may have been paid, the court shall dismiss

the case at any time if the court determines that  . . .  (B) the action or appeal-(i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss

the complaint before it is served upon the defendants if it finds that the complaint is

"frivolous" or that it "fails to state a claim upon which relief may be granted."  A

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND
RECOMMENDATION OF U.S. MAGISTRATE JUDGE - CV-08-62-BLG-RFC-CSO / PAGE 3

complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S.       , 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 550 U.S.       , 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE - CV-08-62-BLG-RFC-CSO / PAGE 4

the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

### B. SLANDER CLAIM

Section 1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 443 (1979).  The Due Process Clause does not provide individuals with "a right to be free of injury wherever a state is characterized as the tortfeasor." Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986).  "In order to achieve constitutional import, there must be a deprivation of a protected interest." Id.  (citing Davidson v. Cannon, 474 U.S. 344,    , 106 S.Ct. 668, 670-71, 88 L.Ed.2d 677, 683 (1986)).

Plaintiff has essentially alleged that Officer Tompson committed the tort of slander by accusing Plaintiff of slandering his ex-wife and flirting with female guards. There is no civil rights action for slander.  Hollister v. Tuttle, 210 F.3d 1033, 1036 (9th Cir. 2000).  Damage to reputation, standing alone, cannot state a claim for relief under section 1983 because reputation is neither a property nor liberty guaranteed against state deprivation without due process of law.  Johnson, 799 F.2d at 1399.

While allegations of slander may be sufficient to state a claim under state law, this Court is without jurisdiction to decide issues of purely state law.

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis

civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court is going to designate this case as a "strike" under this provision because Plaintiff's allegations fail to state a claim.  For this same reason, the Court will certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

## ORDER

1.  Plaintiff's Motions to Proceed In Forma Pauperis (Court Doc. Nos. 1 and 4) are **GRANTED**.  The Clerk of Court shall waive prepayment of the filing fee.  While Plaintiff will not be assessed an initial partial filing fee, Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth above.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Court's Doc. No. 2) to remove the word "LODGED" and the Complaint is **DEEMED FILED** on April 23, 2008.

3.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE - CV-08-62-BLG-RFC-CSO / PAGE 6

Federal Rule of Civil Procedure 41(b).

The Court also enters the following:

## RECOMMENDATION

1. Plaintiff's Complaint (Court's Doc. No. 2) should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's claim is so frivolous that no reasonable person could suppose that an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE - CV-08-62-BLG-RFC-CSO / PAGE 7

DATED this 15th day of May, 2008.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge